THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DANIEL SASSANA, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. CRIMINAL LAW—*question as to consent of prosecuting witness is not material under count charging statutory rape.* Where the prosecuting witness in a prosecution for rape is shown to be but fourteen years of age and the defendant is by the testimony of officers who arrested him clearly proved guilty of the commission of the act of intercourse, the question whether it was with or without the consent of the prosecutrix is immaterial where the indictment charges statutory rape as well as rape with force; and in such case the question of the reputation of the prosecuting witness, either for chastity or for truth and veracity, is unimportant.

2. SAME—*what cross-examination of police officers is proper—reversal.* Police officers who arrested the defendant and who have testified to his commission of the crime with which he is charged, may, for the purpose of discrediting their testimony, be cross-examined as to the rules of the police department giving them

an efficiency rating according to number of arrests; but the error in sustaining objection to such cross-examination will not require a reversal of a conviction where the defendant is clearly proved guilty of the crime.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

WILLIAM J. MANNION, and EDWARD T. MANNION, (CLYDE C. FISHER, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and ROY D. JOHNSON, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Daniel Sassana was tried in the criminal court of Cook county upon an indictment containing four counts. The jury returned a verdict finding him guilty of rape and fixed his punishment at imprisonment in the penitentiary for the term of fifteen years. He has sued out a writ of error to review the record.

Counsel for the plaintiff in error state in their brief: "The first count of the indictment is absolutely void. The second count charges statutory rape,—that is, rape without force where the complaining witness is under the age of consent. The evidence for the State tends to show force was used, therefore this count is not sustained by the evidence. The third count charges rape with force. It does not mention the age of the complaining witness. The defendant must have been found guilty on the third count and no other." The fourth count charged the defendant with doing acts tending to render a certain female child delinquent, and it was ignored by the verdict. The first count, on account of the confusion by the inadvertent use of two

different names for the victim of the crime, is unintelligible. No objection is urged to the second and third counts.

The victim of the crime was shown to be fourteen years of age. The act which is the basis of the indictment occurred on September 26, 1925. It was clearly proved by the testimony of the girl herself as well as the testimony of the police officers who arrested the plaintiff in error practically in the commission of the act in an automobile in the subway at Kinzie and Noble streets. The defendant denied that any act of intercourse with the complaining witness occurred, but the testimony against him was so conclusive as to leave no room for doubt of his guilt. It is not necessary to narrate the details. The prosecuting witness testified that the plaintiff in error forced her to submit by the display of a revolver and threats to shoot her, and testified to acts of the same character on half a dozen previous occasions when he had compelled her to submit to his desires by the same means. It may be doubted whether her statement that she was violently ravished and her submission compelled by the display of force and threats is true, but from the other testimony there can be no doubt that the act of intercourse occurred, and whether it was with her consent or against her will is immaterial. The plaintiff in error, in either event, was guilty of rape.

It is argued that the second count was not sustained by the evidence for the reason that the prosecuting witness testified that she did not give her consent to intercourse, and that the defendant must therefore have been found guilty on the third count and no other. If the jury were bound to believe the evidence of the prosecuting witness in every detail there would be a basis for claiming there could not be a verdict of guilty on the second count. But disregarding her evidence altogether, there is abundant evidence to sustain the conviction in the testimony of the police. The circumstances under which the two were discovered and their conduct at the time were sufficient, in face of the de-

fendant's denial and any denial that the prosecuting witness might have made, to show that the plaintiff in error was properly found guilty under the second count.

It is contended that the court erred in restricting the plaintiff in error in his examination of the prosecuting witness. She answered on cross-examination that her mother was in a sanitarium about two years before the trial. She was then asked the question, "Did you tell Mamie Mescal at that time that your own father had intercourse with you on many occasions?" An objection was sustained to this question. She was also asked if she remembered, during the early part of vacation last year, 1925, that she told Mamie Mescal in the house that she was running around with a lot of young boys, and that Mamie told her that she ought to be careful,—that she was liable to get into trouble, and she answered, "I don't care if I do; I can get hold of Dan Sassana and he will get me out of it, and if he doesn't I will blame him." She was also asked if she did not on many occasions stay out until two, three or four o'clock in the morning and when she went home and her mother asked her where she was she said she was out with Mary Carlin and the defendant, Dan Sassana, when, in fact, she was not with him. An objection was sustained to this question also. It is urged that the plaintiff in error was entitled to have these questions answered on the theory that the third count, which charges rape by force, was the only one having any evidence to sustain it, and if she had previously had intercourse with her father and been running around with other boys the question was material on the ground that an unchaste girl would be more likely to consent to the act than a virtuous one. This argument is based on the false assumption that the third count is the only one sustained by the evidence, whereas the jury might very well have based their verdict on the second count alone.

It is also contended that the court erred in permitting the State's attorney to discredit the accused and his im-

peaching witnesses by asking them questions that reflected on their character and insinuated that they were guilty of other offenses and misdemeanors wholly unconnected with the charge alleged in the indictment. Evidence was introduced tending to show that Mary Carlin, at whose house the prosecuting witness stayed a part of the time, was a married woman separated from her husband, and that some of the witnesses who testified for the plaintiff in error at times used her house for purposes of assignation and prostitution. Two of these witnesses had testified that the reputation of the prosecuting witness for truth and veracity was bad and that they would not believe her under oath. The State's attorney, in rebuttal, was permitted to introduce evidence to impeach the character of these impeaching witnesses, and it is argued that all these things were erroneous. The reputation of the prosecuting witness, whether for chastity or for truth and veracity, was of no importance in this case. The case was completely made out without her evidence at all.

It is contended that the court erred in sustaining objections to certain questions asked in the cross-examination of officer Teela, tending to affect the weight of the evidence of the police. These questions were: "Those squads have an efficiency rating every month, haven't they?" and, "Aren't you rated according to the number of arrests you make?" Objections were sustained to these questions and the witness was not allowed to answer them. They should have been allowed to be answered, but the refusal to do so was not of sufficient importance to justify a reversal of the judgment.

The judgment is affirmed.          *Judgment affirmed.*